### GIFT OF A MORTGAGE.

[Circuit Court of Lorain County.]

DELLA M. PRINDLE v. MALCOLM H. WOOD ET AL.

Decided, October 12, 1902.

*Gifts—A Mortgage to a Daughter—Becomes an Executed Gift by the Recording of the Mortgage.*

A mortgage on real estate made payable in small annual installments to the mortgagor during his life, payment of the installments to be continued after his death to his wife, and all remaining unpaid at the death of the wife to go to their daughter, becomes an executed and valid gift to the daughter upon the recording of the mortgage; and the residue remaining after the death of the parents belongs to the estate of the daughter, notwithstanding her death occurred prior to the death of either parent.

HALE, J. (orally) ; CALDWELL, J., and MARVIN, J., concur.

The case of Prindle v. Wood et al, comes into this court by appeal. The facts are agreed upon, or there is no issue as to any fact in the case.

It appears that on February 21, 1894, Harrison B. Wood, an old resident of this county, conveyed to his son, Malcolm H. Wood, 120 acres of land in Carlisle township for the consideration of $3,000, and at the same time he took from his son a mortgage to himself, his wife and his daughter. That mortgage in part reads:

"Know all men by these presents, that we, Malcolm H. Wood and Mary R. Wood, the grantors, for the consideration of $3,000, received to our full satisfaction of Harrison B. Wood, Gratia C. Wood and Effa May Wood, the grantees, do grant, bargain, sell," etc. "The condition of this deed is such, that whereas the said Malcolm H. Wood is indebted to said Harrison B. Wood in the sum of $3,000, which said Malcolm H. Wood is to pay in installments as follows, and to the persons named, to-wit, to said Harrison B. Wood the sum of $200 on the first day of April each and every year, commencing April 1, 1895, and continuing during the lifetime of said Harrison B. Wood, or until the same shall be fully paid. At the decease of said Harrison B. Wood what still remains unpaid of said $3,000 shall be paid in installments on the same date to the said Gratia C. Wood, so long as she shall live, or until the same shall be fully paid; at her death whatever may remain of said $3,000 shall be paid at the same time to Effa May Wood."

Harrison B. Wood died in 1897. Up to his death payments were made to him precisely in accordance with this mortgage. . Mrs. Wood, his wife, died in 1900, and the payments were made to her up to the time of her death. Effa died shortly before her father.

At the death of Mrs. Wood there remained unpaid about $2,000. The question of law submitted is, whether that mortgage and the residue unpaid at the death of Mrs. Wood belonged to the estate of Harrison B. Wood or to the estate of Effa May Wood. The administrators of both estates are parties to the suit, and each claims for the estate he represents the unpaid balance.

It is said by counsel representing the estate of Harrison B. Wood that this is, at most, an unexecuted gift on the part of Harrison B. Wood to his daughter, Effa May, and created in her no vested right in the mortgage; that the consideration, as is conceded here, moved entirely from Harrison B. Wood, Effa May paying no part of the same.

It must be conceded that to constitute a valid gift of chattels the donor must part with all dominion over the property, and deliver the same to the donee. We suppose this applies as well to an indebtedness as to any other class of property. The gift of a promissory note by a donor against a third party would require an indorsement and delivery to pass the title to a donee and perfect the gift.

But supposing a father, desiring to make a gift to a daughter, loans to a third party $1,000 and takes his note therefor, payable to the daughter, which he delivers to her, it would constitute a valid gift.

Supposing, instead of a note simply, he takes a note payable to the daughter and a mortgage in which she is named as the grantee, and delivers both the note and the mortgage to the daughter, is there any doubt about its constituting a valid gift?

Supposing the whole contract is written in the mortgage, the daughter named as the grantee, and the mortgage delivered to the daughter and placed on record, we think it would constitute still a valid gift.

We hold further, that a mortgage given to a daughter, under the circumstances indicated, in which the daughter is named as the grantee, the father paying the consideration, and causing the same to be recorded, would become an executed and valid gift. The record of the mortgage would take the place of a manual delivery, and the acceptance of the gift by the donee, under such circumstances, is presumed.

That is this case, except that it was not made entirely to the daughter; but as to the amount due upon the mortgage at the death of Mrs. Wood we think that the same rule would apply. To the extent of the residue remaining unpaid at the death of Mrs. Wood there was a valid gift to the daughter, and such unpaid remainder belongs to the estate of Effa May Wood, and a decree may be taken accordingly.